# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LEAH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-158-ACL |
| | ) | |
| LEROY NICHOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Leah Jones brings the instant employment discrimination complaint against her union representative, Leroy Nicholson. ECF No. 8. Before the Court are several motions filed by Plaintiff: an application to proceed in district court without prepaying fees or costs, ECF No. 2, a motion to appoint counsel, ECF No. 3, and two motions for leave to file a proposed opening statement, ECF Nos. 6, 10. Having reviewed the application, the Court finds that Plaintiff is unable to pay the costs associated with this action. Accordingly, the Court will grant the request and waive the filing fee. The Court will deny Plaintiff's motions for counsel and for leave to file a proposed opening statement for the reasons explained below. Finally, the Court will require Plaintiff to file an amended complaint in accordance with the instructions below.

## Legal Standard

Because the Court is allowing Plaintiff to proceed in forma pauperis in this matter, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against her union representative Leroy Nicholson[1] under Title VII of the Civil Rights Act of 1964 for alleged discrimination based on her age, race, and gender. The conduct Plaintiff complains of includes termination, retaliation, and harassment. ECF No. 8.

Plaintiff offers differing and confusing versions of events. She worked for the Missouri Department of Mental Health until January 2024. Initially, she complains that she was laid off with another Caucasian coworker at this time. *Id*. at 5. The Caucasian coworker was later returned to work, but Plaintiff, who is African American, was not recalled to work. *Id*. Plaintiff believes she was not recalled due to her race, and because of differences between her union representative and her manager "that had nothing to do with" Plaintiff. *Id*.

Despite initially referring to being "laid off," Plaintiff then goes on to claim that she resigned, but attempted to withdraw her resignation. *Id*. at 6. She alleges that the superintendent initially agreed to let her withdraw her resignation, but ultimately did not allow the withdrawal. *Id*. Plaintiff claims this is because the superintendent was upset that Plaintiff contact her union representative, Defendant Nicholson. *Id*. Plaintiff alleges that other employees were allowed to withdraw their resignations. *Id*.

Plaintiff requests an unspecified amount of damages for emotional distress, attorney fees, back and front pay, and a requirement that the Department of Mental Health adopt non-discriminatory practices. *Id*. at 7. In this section, Plaintiff also references hostile work environment, invasion of privacy, and unauthorized access. *Id*. The complaint does not provide facts regarding those allegations.

---

[1] It is unclear why Plaintiff lists Defendant Nicholson as the sole defendant here. It appears that the actions she complains of are not directly related to him.

3

## Discussion

Based on a careful review and liberal construction of the filings before the Court, the amended complaint is subject to dismissal. Because Plaintiff is self-represented, she will be allowed to amend her Complaint in accordance with the instructions set forth below.

**I.     Plaintiff must name a defendant that is subject to Title VII liability.**

Plaintiff has asserted Title VII claims against her union representative, Leroy Nicholson. Title VII, however, prohibits "unlawful employment practice[s]" by an "employer" only. *See* 42 U.S.C. § 2000e-2(a). That is, while Title VII covers the conduct of employers, it does not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers"). In other words, "supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 381 (8th Cir. 1995). As such, claims against individual defendants are subject to dismissal. *See Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994) (concluding "that the claims against the individual defendants were properly dismissed because liability under 42 U.S.C. § 2000e(b) can attach only to employers").

**II.    Plaintiff must plead sufficient facts for the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.**

In filing an amended complaint, Plaintiff must provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although self-represented complaints must be liberally construed, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will

not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

Plaintiff alleges discrimination based on her age, race, and gender, yet her complaint mentions no allegations relating to her age or gender. Similarly, Plaintiff alleges retaliation and harassment, but her amended complaint fails to provide any facts relating to harassment or retaliation. Plaintiff should limit her complaint to the allegations that she can support with facts.

### III.  Instructions for Filing an Amended Complaint on an Employment Discrimination Complaint Form

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that the defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff must follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct.

**Motion to Appoint Counsel**

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has yet to establish a *prima facie* claim of employment discrimination, so it is premature to consider when appointment of counsel if warranted. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

**Motions for Leave to File a Proposed Opening Statement**

Plaintiff has filed two motions for leave to file a proposed opening statement. ECF Nos. 6, 10. The motions will be denied at this time as there is no need for opening statements at this point in litigation. Plaintiff has yet to submit a complaint that survives initial review.

## Conclusion

For the foregoing reasons, the Court will waive the filing fee in this matter and require Plaintiff to file an amended complaint in accordance with the instructions above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for leave to file a proposed opening statement (ECF Nos. 6, 10) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall amend her complaint, on the court-provided form, within **twenty-one (21) days** of the date of this Order in compliance with the instructions set forth herein.

Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 20th day of January, 2026.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE