**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

LEAH JONES, )
)
Plaintiff, )
)
v. ) No. 1:25-cv-158-ACL
)
LEROY NICHOLSON, )
)
Defendant. )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Leah Jones brings this action for alleged employment discrimination. The matter is now before the Court upon Plaintiff's second amended complaint. ECF No. 13. This Court previously granted Plaintiff's request to proceed *in forma pauperis*; thus, the Court must review her complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

Because the Court is allowing Plaintiff to proceed in forma pauperis in this matter, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an

allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Background

Plaintiff filed her original complaint on September 26, 2025 against Missouri Department of Mental Health and her union representative Leroy Nicholson, under Title VII of the Civil Rights Act of 1964 for alleged discrimination based on her race and gender. The conduct Plaintiff complained of included termination, retaliation, invasion of privacy, and harassment. ECF No. 1. On December 3, 2025, Plaintiff was ordered to file an amended complaint on a Court form. ECF No. 7. Plaintiff filed her amended complaint on December 5, 2025, only naming Leroy Nicholson as a defendant. ECF No. 8. She again alleged discrimination under Title VII of

2

the Civil Rights Act of 1964 based on her age, race, and gender. *Id*. Plaintiff's essential claim was that she was not allowed to withdraw her resignation because the superintendent was upset that Plaintiff contacted Nicholson. *Id*.

On January 20, 2026, the Court reviewed Plaintiff's amended complaint and found it was subject to dismissal. ECF No. 12. The Court explained that Plaintiff must name a defendant that is subject to Title VII liability, and claims against individual defendants are subject to dismissal. *Id*. at. 4. The Court further explained that Plaintiff must plead sufficient facts for the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plaintiff's amended complaint was nearly devoid of any facts supporting her allegations of discrimination, harassment, and retaliation. *Id*. at 5. The Court also noted that Plaintiff's allegations were confusing because at times she referenced being "laid off" while at other times she stated she resigned. *Id*. at 3.

**Second Amended Complaint**

Plaintiff filed her second amended complaint on January 22, 2026. ECF No. 13. The caption of the second amended complaint names Missouri Department of Mental Health and Union President Leroy Nicholson as the defendants. *Id*. However, in the section of the complaint where Plaintiff is asked to provide the name and address of the defendants, she only lists Leroy Nicholson. *Id*. at 2. Plaintiff marks the boxes that indicate she brings this case under Title VII and the Age Discrimination in Employment Act of 1967. *Id*. The conduct complained of includes termination, retaliation, harassment, and "terms and conditions of my employment differ from those of similar employees." *Id*. at 4. Plaintiff indicates she was discriminated against based on her race, gender, and age. *Id*. at 5.

3

Plaintiff again provides a confusing and contradictory statement of the facts. She states she believes she was "not recalled from layoff due to my race… I was laid off with a Caucasian worker and that coworker has returned to work and I have not been called back." *Id*. Plaintiff then says that she was treated differently, not due to her race or age or gender, but "for the differences between Management and the Union Representative that had nothing to do with me." *Id*. She explains that management is "at odds" with the union representative. *Id*.

Plaintiff states that the superintendent "agreed to let me withdraw my resignation until she found out I contacted Union Representative Leroy Nicholson." *Id*. at 6. Plaintiff states she was only denied her ability to withdraw her resignation after the superintendent learned of her contact with her union representative. She alleges that another worker confirmed that other employees "are allowed to withdraw their resignations all the time." *Id*.

Under the section titled Request for Relief, Plaintiff writes the following: "Attorney fees and costs, Race discrimination, Retaliation, Hostile Work Environment, Invasion of Privacy, Unauthorized T Mobile Account Phone Access, Back and Front Pay, compensatory damages for emotional distress, punitive damages against the defendant, injuctive [sic] relief preventing further harassment and requiring DMH to adopt non-discriminatory practice." *Id*. at 7.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, the second amended complaint will be dismissed. Plaintiff does not clearly identify any additional defendants besides her union representative Leroy Nicholson. However, because the Court must liberally construe the complaint, the Court will presume that Plaintiff properly identified the Missouri Department of Mental Health as a defendant as well.

4

### 1.  Claim against Leroy Nicholson

Plaintiff has asserted Title VII claims against her union representative, Leroy Nicholson. As has already been explained to Plaintiff in a prior Order, Title VII prohibits "unlawful employment practice[s]" by an "employer" only. *See* 42 U.S.C. § 2000e-2(a). Title VII does not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers"). In other words, "supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 381 (8th Cir. 1995). As such, claims against individual defendants are subject to dismissal. *See Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994) (concluding "that the claims against the individual defendants were properly dismissed because liability under 42 U.S.C. § 2000e(b) can attach only to employers"). Therefore, the claim against Leroy Nicholson must be dismissed.

### 2.  Claim against Missouri Department of Mental Health

### A.  Title VII Claim

Title VII makes it unlawful for an employer to discriminate against an individual because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

Plaintiff does not allege that she was meeting her employer's legitimate job expectations. This alone is fatal to her claim. Further Plaintiff failed to show she was treated differently from a similarly situated employee who was not a member of her protected class. Her only relevant allegation pertains to a Caucasian worker who was laid off and then later recalled. It is unclear if Plaintiff is similarly situated with this employee, as Plaintiff repeatedly states she resigned. The Court need not analyze the remaining elements. Plaintiff has failed to establish a prima facie case of discrimination under Title VII.

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). To establish a prima facie case of Title VII retaliation, a plaintiff must show that: (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct. *Jackman*, 728 F.3d at 804 (citation omitted).

Plaintiff provides no facts that she engaged in protected conduct. Therefore, she has failed to establish a prima facie case of retaliation under Title VII.

### B. Age Discrimination

Finally, Plaintiff claims age discrimination under the Age Discrimination in Employment Act of 1967. Plaintiff's complaint contains *no facts* relating to her age and any adverse employment action. Besides ticking the boxes on the Court form, Plaintiff does not equate her age with any adverse employment action.

Further, Plaintiff provides a non-discriminatory reason for her not being returned to her position: a personal dispute between her union representative and management. Plaintiff

6

explicitly states that she was going to be allowed to return to work until management found out about her communications with her union representative. Plaintiff explicitly states that this had nothing to do with her. Therefore, she undermines her own claim that she was discriminated against based on race, gender, or age under either Title VII or the Age Discrimination in Employment Act of 1967. Instead, Plaintiff makes a compelling case that the reason she was not allowed to return to work was due to a conflict with her union rep and management.

### Conclusion

Based on the numerous reasons discussed in this Order, the Court finds that Plaintiff's complaint fails to state a claim of employment discrimination under both Title VII and the Age Discrimination Act of 1967. This case will be dismissed under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2). Plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of June, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

7