**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LEAH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-158-ACL |
| | ) | |
| LEROY NICHOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented Plaintiff Leah Jones' motion to reopen case and motion for leave to file second amended complaint.[1] ECF Nos. 16, 17. For the reasons set forth below, the Court will deny the motions.

Plaintiff's case was dismissed for failure to state a claim on June 4, 2026. ECF No. 14. In the dismissal, the Court first noted that Plaintiff's attempt to pursue her union representative failed as an individual cannot be pursued for Title VII liability. *Id.* at 5. The Court further determined that Plaintiff failed to establish a prima facie case against her employer for racial discrimination or retaliation as her complaint lacked facts relating to several elements. *Id.* at 5-6. Finally, the Court found Plaintiff alleged no facts regarding the issue of age discrimination, and in fact offered the Court a non-discriminatory reason why she was not allowed to return to work – a personal dispute between her union representative and management. *Id.* at 6-7.

Plaintiff's motions attempt to rectify some of these issues but is ultimately unsuccessful. Plaintiff requests to file a new complaint which alleges age discrimination and drops the racial discrimination allegation entirely. "Exhaustion of administrative remedies is a condition

---

[1] This would in fact be the third amended complaint.

precedent to the filing of an action under the ADEA in federal court." *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). To assert an ADEA claim, the plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged unlawful employment practice occurred. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018). This requirement provides the EEOC with an initial opportunity to investigate allegations of employment discrimination and work with the parties toward voluntary compliance. *Shelton*, 399 F.3d at 912. "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring her employment-discrimination claim, along with allegations that are like or reasonably related to that claim, in federal court." *Shannon v Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

Unfortunately, Plaintiff's EEOC Charge of Discrimination relates *only* to her alleged racial discrimination. ECF No. 17-2 at 15. Plaintiff states that she alleged age discrimination in her Charge of Discrimination. ECF No. 17 at 5. This assertion is untrue. The document at issue contains no mention of age discrimination. *See* ECF No. 17-2 at 15. Thus, replacing the race discrimination claim with the age discrimination claim does not help save her case, as Plaintiff has provided no evidence that she has administratively exhausted her age discrimination claim.

Plaintiff also tries to bolster her claim of retaliation. To establish a prima facie case of retaliation under the ADEA, Plaintiff must show that "(1) [s]he participated in a protected activity, (2) an adverse employment action was taken against [her]; and (3) a causal connection exists between the two events." *Kneibert v. Thomson Newspapers, Michigan Inc.* 129 F.3d 444, 454 (8th Cir. 1997). An adverse employment action is "a tangible change in working conditions that produces a material employment disadvantage." *Wedow v. City of Kansas City,* 442 F.3d 661, 671 (8th Cir. 2006).

2

Plaintiff states she "experienced retaliatory actions, including increased scrutiny, exclusion from communications, and interference with Plaintiff's ability to perform job duties." *Id.* at 4. These allegations are broad and vague and do not show a tangible change in working conditions that produces a disadvantage. The only specific allegation she relates is that she believes her union representative accessed her personal T-Mobile account. *Id.* She does not connect this action with her employer, the Missouri Department of Mental Health. Nor does she state what this access entailed, what harm was done by this access, or how this materially affected her working conditions or employment opportunities. *Id.*

Plaintiff has already been provided multiple chances by this Court to amend her complaint before the dismissal. Nothing in the Motions before the Court cure the defects listed in the dismissal order, and even the proposed third amended complaint would not survive initial review.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reopen case (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file second amended complaint (ECF No. 17) is **DENIED.**

Dated this 26th day of June, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE